IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAY YEYSON CORONA CRUZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>KRISTI NOEM, Secretary, U.S. )<br>Department of Homeland Security, )<br>et al., )<br>)<br>Respondents. ) | Case No. 26 C 1040 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ray Yeyson Corona Cruz, a noncitizen, has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement.[1]

## Background

Corona Cruz is a native of Venezuela. He entered the United States without inspection in 2022 and has resided in the country since his entry. On January 29, 2026, ICE detained Corona Cruz. He filed this petition for writ of habeas corpus the same day. The Court temporarily precluded the removal of Corona Cruz from the United States and from Illinois, Indiana, or Wisconsin. Corona Cruz remains in custody in Brazil, Indiana and has not received a bond hearing.

---

[1] Corona Cruz also asserts a claim under the Administrative Procedure Act based on the same arguments. Because the Court grants Corona Cruz's petition under § 2241, it need not address the APA claim at this time.

**Discussion**

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

Corona Cruz filed a petition for writ of habeas corpus alleging that he is being unlawfully detained because respondents will not provide him a bond hearing, as required under 8 U.S.C. § 1226(a).[2] The respondents argue that the Court lacks jurisdiction and that, even if the Court's review is not barred, Corona Cruz is not entitled to release because he is lawfully detained under 8 U.S.C. § 1225(b)(2)(A).[3]

As discussed below, the Court concludes that it has jurisdiction over Corona Cruz's petition and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) at which the government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or flight risk.

---

[2] Corona Cruz also argues that he is entitled to relief because he is a member of the "bond eligible class" in *Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). Because the Court concludes that Corona Cruz is being detained in violation of his procedural due process rights, it need not consider whether the *Bautista* decision may be enforced outside of that case.

[3] Respondents state that the arguments from the brief filed in another case in this district, *H.G.V.U. v. Smith*, No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025), apply to this case. Respondents reference several specific arguments from that brief but do not specifically reference the argument that all respondents except Olson should be dismissed due to lack of standing. And the respondents do not argue in their brief in this case or in the brief adopted from *H.G.V.U.* that Corona Cruz has not named his immediate custodian as a respondent. The Supreme Court has explained, however, that: "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Corona Cruz is currently in custody at the Clay County Detention Center in Clay County, Indiana. Because Brandon Crowley is Jail Commander for the Clay County Detention Center, the Court will substitute him as the respondent pursuant to Federal Rule of Civil Procedure 25(d).

A.      **Jurisdiction**

The government argues that three sections of the Immigration and Nationality Act strip the Court of jurisdiction over Corona Cruz's claims: 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii).

1.      **Section 1252(g)**

The government argues that § 1252(g) bars jurisdiction because Corona Cruz is attempting to use his petition to undermine his removal proceedings. Section 1252(g) provides that "notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Seventh Circuit has stated, however, that § 1252(g) "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). A detainee's claims that challenge fundamental legal errors that may violate the detainee's due process rights do not challenge the decision "to commence proceedings, adjudicate cases, or execute removal orders." *Id.* Corona Cruz's petition challenges the unlawful nature of his detention without a bond hearing, not the respondents' decision to commence proceedings, adjudicate cases, or execute removal orders. The Court concludes that Corona Cruz's claim is outside the narrow reach of § 1252(g).

2.      **Section 1252(b)(9)**

Additionally, the respondents contend that Corona Cruz's claim is precluded by §

3

1252(b)(9) because it requires the Court to answer legal questions that arise from the decision to remove a noncitizen. Section 1252(b)(9) provides that "no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law," to review any questions of law or fact "arising from any action taken or proceeding brought to remove an alien from the United States" except via judicial review of a final order of removal. 8 U.S.C. § 1252(b)(9). Again, Corona Cruz's claim challenges his detention, not any action or decision related to his removal proceedings, and therefore this Court's review is not precluded by § 1252(b)(9).

      3.      **Section 1252(a)(2)(B)(ii)**

Lastly, the respondents argue that § 1252(a)(2)(B)(ii) bars review of the "discretionary decision" to detain Corona Cruz. Section 1252(a)(2)(B)(ii) states: "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1226(a) states: "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The respondents contend that the word "may" in § 1226(a) means that Corona Cruz's detention is a discretionary decision that is insulated from judicial review by § 1252(a)(2)(B)(ii). But Corona Cruz seeks review of the scope of the respondents' detention authority under the immigration detention statutes. This threshold legal question is "not a matter of discretion." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The Court concludes that it has jurisdiction over Corona Cruz's claims.

4

**B.    Basis for detention**

Two provisions of the INA govern detention of noncitizens: § 1225 and § 1226. The respondents argue that—even if the Court has jurisdiction—Corona Cruz is not eligible for release because he is detained under § 1225(b)(2)(A). Corona Cruz responds that he cannot be detained under § 1225(b)(2)(A) because he was not "seeking admission" at the border at the time of his arrest. Instead, Corona Cruz argues, § 1226(a) governs his detention because he was already present in the United States when he was arrested and detained.

Numerous judges in this district—including this Court—have held that § 1226(a), not § 1225(b)(2)(A), governs detention of noncitizens who are already in the country because they are no longer "seeking admission." See, e.g., Garcia Valerio v. Noem, No. 25 C 13648, 2025 WL 3470733, *2 (N.D. Ill. Dec. 3, 2025) (Kennelly, J.); Cabrera v. Noem, No. 25 C 12160, 2025 WL 3171288, *3 (N.D. Ill. Nov. 13, 2025) (Kennelly, J.); Lopez Briseno v. Noem, No. 25 C 12092, 2025 WL 3145985, *2-3 (N.D. Ill. Nov. 11, 2025) (Kennelly, J.); Garcia Rios v. Noem, No. 25 C 13180, 2025 WL 3124173, *3 (N.D. Ill. Nov. 7, 2025); Patel v. Crowley, No. 25 C 11180, 2025 WL 2996787, *6 (N.D. Ill. Oct. 24, 2025); Padilla v. Noem, No. 25 C 12462, 2025 WL 2977742, *4 (N.D. Ill. Oct. 22, 2025); Miguel v. Noem, No. 25 C 11137, 2025 WL 2976480, at *7 (N.D. Ill. Oct. 21, 2025); Ochoa Ochoa v. Noem, No. 25 C 10865, 2025 WL 2938779, at *7 (N.D. Ill. Oct. 16, 2025).

The respondents argue that these decisions are incorrect because any noncitizen who has not been lawfully admitted to the country is "seeking admission" and thus is subject to mandatory detention based on the plain language of § 1225(b)(2)(A).

5

Corona Cruz argues that these decisions are correct because, as the Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018), § 1225(b)(2)(A) only applies to noncitizens "seeking admission into the country," and § 1226(a) applies to noncitizens "already in the country."

Respondents cite a recent decision from the Fifth Circuit and several district court decisions that disagree with the Court's previous interpretation of § 1225(b)(2)(A) and § 1226(a). These decisions are not binding on this Court. Furthermore, the Court agrees with Judge Douglas's analysis of the statutory language and history set forth in her dissent. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, *1 (5th Cir. Feb. 6, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). The Court also agrees with Judge Chang's detailed analysis of the conflicts between the reasoning adopted by the Fifth Circuit and the plain language of § 1225(b)(2)(A) and § 1226(a). *Ruiz Melesio v. Olson*, No. 25 C 13291, Dkt. No. 9 at 3-4 (N.D. Ill. Nov. 17, 2025) (Chang, J.). The Court thus concludes that respondents have provided no compelling reason to depart from its previous decisions.[4]

Corona Cruz has resided in the country for almost four years. He is not "seeking admission into the country." *Jennings*, 583 U.S. at 289. Thus mandatory detention under § 1225(b)(2)(A) does not apply, and Corona Cruz is instead subject to discretionary detention under § 1226(a).

**C.  Due process**

The Fifth Amendment's Due Process Clause provides that "[n]o person shall . . .

---

[4] For additional analysis supporting the Court's decision, see *Galvis Cortes v. Olson,* 2025 WL 3063636, *4 (N.D. Ill. Nov. 3, 2025) (Kennelly, J), and *Lopez Briseno*, 2025 WL 3145985, at *2-3.

be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. The Supreme Court has held that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

To determine whether a violation of procedural due process has occurred, courts balance three factors: (1) whether a private interest is implicated by the government action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

The Court concludes that the respondents' detention of Corona Cruz under § 1226(a) without a bond hearing violates his right to procedural due process.[5] Corona Cruz has a private interest in being released from custody. The respondents' decision to detain him erroneously deprives him of that interest. And the government's interest in detaining him without a bond hearing, including any fiscal and administrative burdens, is minimal at best.

---

[5] The respondents argue that Corona Cruz has failed to exhaust administrative remedies. Judicial discretion governs whether exhaustion should be required in this case. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Because the immigration court would deny any request for a bond hearing under *Yajure Hurtado*, 29 I&N Dec. 216, 221 (BIA 2025), any attempt to exhaust administrative remedies by requesting a bond hearing would be futile.

Finally, the standard of proof "serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." *Addington v. Texas*, 441 U.S. 418, 423 (1979). At his bond hearing, the government must prove that detention of Corona Cruz is justified by clear and convincing evidence of his dangerousness or flight risk. *See Galvis Cortes*, 2025 WL 3063636, at *6.

## Conclusion

For the reasons stated above, the Court grants Corona Cruz's petition for a writ of habeas corpus [dkt. no. 1]. Respondents must, by March 2, 2026, release Corona Cruz under reasonable conditions of supervision unless he has, by that date, been provided with a bond hearing before an immigration judge, at which the government shall bear the burden of justifying his continued detention, by clear and convincing evidence of dangerousness or flight risk. The Court directs the parties to file a status report by March 4, 2026 that addresses Corona Cruz's release status, including when he received a bond hearing, the result of that bond hearing, and the findings made by the immigration judge. The stay previously entered by the Court on January 31, 2026, is extended through March 11, 2026. A telephonic status hearing is set for March 11, 2026 at 8:50 AM, using call-in number 650-479-3207, access code 2305-915-8729. The Clerk is directed to substitute as the respondent in this case the following: Brandon Crowley, Jail Commander for the Clay County Detention Center. The Clerk is also directed to amend the caption and title of the case accordingly.

```
_____
MATTHEW F. KENNELLY
United States District Judge
```

Date: February 20, 2026